IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:24-CR-00166-SDJ-AGD |
| | § | |
| JEFFREY WILCOX (1) | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Now before the court is the request for revocation of Defendant Jeffrey Wilcox's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on September 9, 2024, to determine whether Defendant violated his supervised release. Defendant was represented by Michael Pannitto. The Government was represented by Christopher Rapp.

Defendant was sentenced on December 16, 2022, before The Honorable Barbara M. G. Lynn of the Northern District of Texas after pleading guilty to the offense of Fraud and Related Activity in Connection with Identification Documents; Aiding and Abetting, a Class D felony. This offense carried a statutory maximum imprisonment term of five years. The guideline imprisonment range, based on a total offense level of 12 and a criminal history category of V, was 27 to 33 months. Defendant was subsequently sentenced to twelve (12) months and one (1) day subject to the standard conditions of release, plus special conditions to include substance abuse testing and treatment and financial disclosure. Additionally, Defendant was ordered to pay restitution in the amount of $35,336.92, and a $100 special assessment. On January 23, 2024, Defendant completed his period of imprisonment and began service of the supervision term. On August 15, 2024, jurisdiction was transferred from the Northern District of Texas to the Eastern

District of Texas and assigned to The Honorable Sean D. Jordan, U.S. District Judge. (Dkt. #7 at p. 1, Sealed).

On August 19, 2024, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision (Dkt. #2, Sealed). The Petition asserts that Defendant violated seven (7) conditions of supervision, as follows: (1) <u>Mandatory Condition</u> Defendant must refrain from any unlawful use of a controlled substance; (2) <u>Special Condition</u> Defendant shall participate in an outpatient program approved by the Probation Officer for treatment of narcotic, drug, or alcohol dependency that will include testing for the detection of substance use, abstaining from the use of alcohol and all other intoxicants during and after completion of treatment, and contributing to the costs of services rendered (copayment) at the rate of at least $25 per month; (3) <u>Standard Condition</u> Defendant must not communicate or interact with someone he knows is engaged in criminal activity. If Defendant knows someone has been convicted of a felony, he must not knowingly communicate or interact with that person without first getting the permission of the Probation Officer; (4) <u>Standard Condition</u> Defendant must follow the instructions of the Probation Officer related to the conditions of supervision; (5) <u>Mandatory Condition</u> Defendant must not commit another federal, state, or local crime; (6) <u>Standard Condition</u> Defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses Defendant from doing so. If Defendant does not have full-time employment, he must try to find full-time employment, unless the probation officer excuses him from doing so. If Defendant plans to change where he works or anything about his work (such as his position or his job responsibilities), he must notify the Probation Officer at least 10 days before the change. If notifying the Probation Officer at least 10 days in advance is not possible due to unanticipated circumstances, Defendant must notify the Probation Officer within 72 hours of becoming aware

of a change or expected change; and (7) <u>Standard Condition</u> Defendant must answer truthfully the questions asked by his Probation Officer. (Dkt. #2 at pp. 1–4, Sealed).

The Petition alleges that Defendant committed the following acts: (1) On July 1, 2024, Defendant submitted a urine specimen at the U.S. Probation Office in Plano, Texas, which tested positive for methamphetamine. Upon questioning, Defendant denied any methamphetamine use. The specimen was subsequently confirmed positive by Abbott Laboratories; (2) On February 26, 2024, Defendant was unable to provide a urine specimen at the U.S. Probation Office in Plano, Texas after being given multiple chances and adequate time. As such, Defendant failed to participate in drug testing by failing to provide a urine specimen for collection; (3) & (4) On February 24, 2024, Defendant was a passenger in a vehicle involved in a traffic stop with Michael Kunze ("Kunze") and Noah Hampton, both of whom are convicted felons. Defendant did not have permission from the U.S. Probation Office to have contact with either of these individuals. According to the incident report, the vehicle identification number (VIN) on the dashboard of the truck was determined to be swapped to a different vehicle and was inconsistent with the VIN located on the door frame and the engine bay. The VIN on the truck was later confirmed stolen out of the Dallas Police Department. Kunze stated he purchased the vehicle from a female in Garland for $1,500. Kunze stated he was unaware the vehicle was stolen and provided a vehicle title that matched the vehicle license plates but not the VIN on the door or dashboard. Deputies made the decision to place Kunze under arrest for Theft of Property $2,500.00 < $30,000.00. While Defendant did notify this officer of his contact with law enforcement, he failed to provide pertinent details, specifically that he had been in a stolen vehicle and that a passenger was subsequently arrested. On February 26, 2024, Defendant reported to the U.S. Probation Office to discuss his recent involvement with law enforcement and his association with convicted felons. Defendant

REPORT AND RECOMMENDATION – Page 3

reported he was with Kunze who was going to try and get him a job where Kunze was working. However, this was not legitimate, verifiable employment. Defendant was advised he cannot have any contact with Kunze and that any potential employment he was referring to with this person would not be approved. Defendant voiced his understanding. On June 30, 2024, Defendant was detained by police after he was found to be in possession of stolen property. Defendant denied knowledge that the item was stolen and stated he had an agreement with his friend, Ben Rogers ("Rogers") to split the profit from selling the item. Rogers is a convicted felon and Defendant did not have permission from the U.S. Probation Office to have contact with this individual. On July 24, 2024, during an unannounced home inspection at Defendant's residence, Kunze was found in Defendant's bedroom with two unidentified adult females. Kunze abruptly left the home when this officer tried to speak with him. Defendant did not have permission to associate with Kunze and had previously been specifically instructed not to associate with him; (5) On June 30, 2024, Defendant was detained by the Dallas Police Department after a complainant reported his stolen trailer was being sold on Facebook Marketplace at 19004 Midway Road in Dallas, Texas. The complainant reported his trailer was stolen on June 20, 2024, and he provided the online incident report number. The complainant provided the Bill of Sale/Title which had the VIN 531BT1119KP068164 listed on it. According to the incident report, the Dallas Police Department made contact with Defendant in his vehicle, at 19004 Midway Road in Dallas, Texas, which was pulling the blue trailer with VIN 531BT1119KP068164. Defendant told police a guy named "LB" gave him and his friend, Rogers, the trailer for free. On the Facebook Marketplace advertisement, which was listed on Defendant's personal Facebook account, it stated, "No longer have use for and need space." Defendant told police he was going to split the money from the sale of the trailer with Rogers. Defendant claimed he did not know the item was stolen. According to the report, the

REPORT AND RECOMMENDATION – Page 4

trailer was released to the complainant and Defendant was released at the scene. Due to the victim fearing retaliation, he elected not to press charges. It is alleged Defendant committed the offense of Theft of Property in violation of Texas Penal Code § 31.03(e)(3); (6) Defendant failed to secure full-time employment during his time on supervised release. From the inception of supervision, Defendant claimed he is disabled and would be filing for disability. However, during nearly every interaction with Defendant, he presented an excuse as to why he failed to file for disability. Defendant was not excused from finding full-time employment; and (7) On July 1, 2024, Defendant reported to the Plano U.S. Probation Office to discuss his noncompliant behavior. During the interactions with Defendant, he complained of back pain, and he was walking with extreme caution. During times, Defendant would be bent over at the waist. When walking throughout the office, Defendant moved in a very slow pace and took small, deliberate steps. However, after leaving the office, Defendant was observed on video surveillance in the building hallway to be walking normal with no unusual gait or slowed pace. Additionally, on July 24, 2024, during an unannounced home visit, Defendant stated the probation officer could not go to his bedroom to talk because he put his dogs in there. Defendant was again walking very gingerly and doubled over saying he was in a lot of pain. He asked to sit down in a chair because it hurt him too much to stand. Defendant was advised his positive drug test for methamphetamine was confirmed positive by the lab. He continued to deny he used methamphetamine and was blaming it on his medication. The probation officer explained to him that was not possible and he was encouraged to be upfront and honest. Defendant continued to deny he used any illegal substances. When asked if he filed for disability yet, Defendant again presented the same excuses. In discussing his efforts to obtain employment, Defendant stated he was looking for something that would accommodate his back pain. When asked if he has been to the doctor since last seeing the Probation Officer,

Defendant stated no. Defendant stated he has been laid up at home all day in pain. The Probation Officer then challenged him on his statement. Defendant was fully dressed, wearing a pressed buttoned-up collared shirt, a nice pair of shorts, with socks and shoes. The Probation Officer explained to Defendant that someone who is laid up at the house in pain is not dressed like they were going out. Defendant stated he was dressed only because he went to the store to get cigarettes. The Probation Officer continued to challenge Defendants story. Defendant was then advised an inspection of his bedroom would be conducted as it appeared he was being dishonest. When asked if the dogs in his bedroom were aggressive or would bite, Defendant stated yes. Due to the Probation Officer detecting deception in his response, Defendant was followed into his bedroom. Once Defendant realized the Probation Officer would be walking into Defendant's bedroom with him, Defendant confessed he had friends in his bedroom. When he opened the door, the Probation Officer observed three adults in his bedroom. There were also three dogs in Defendant's bedroom, none of which were aggressive, but in fact friendly. (Dkt. #2 at pp. 1–4, Sealed).

Prior to the Government putting on its case at the final revocation hearing, Defendant entered a plea of true to allegations 1, 2, 3, 4, 6, and 7 in the Petition. Having considered the Petition and the plea of true to allegations 1, 2, 3, 4, 6, and 7, the court finds that Defendant did violate his conditions of supervised release. The Government moved to dismiss allegation 5.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of nineteen (19) months, with a twelve (12) month term of

supervised release to follow. The court further recommends that all prior conditions imposed in the original judgment be reimposed here.

The court further recommends that the Government's motion to dismiss allegation 5 of the Petition be granted.

The court finally recommends that Defendant be housed in a Bureau of Prisons facility in the Seagoville, Texas area, if appropriate, and receive drug treatment while incarcerated.

**SIGNED this 7th day of October, 2024.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE